UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
LUCRETIA HALL, RUDOLPH HALL, : **MEMORANDUM**
ROGER HALL, : **AND ORDER**
:
                          Plaintiffs, : 09 Civ. 0877 (BMC)(LB)
:
                - against - :
:
DEBORAH SMITH, ANTHONY JONES, :
CHICAGO TITLE, HARDIE M. WINSOME, :
:
                       Defendants. :
:
------------------------------------------------------------ X

       "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1674 (1994). This means that not every lawsuit can be heard here. By Order dated January 29, 2010, plaintiffs were ordered to show cause, by papers filed on or before February 26, 2010, why this action should not be dismissed for lack of subject matter jurisdiction.[1] Plaintiffs failed to submit any additional papers explaining how this Court has jurisdiction over what appears to be a garden-variety fraud case between family members. For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction.

       Plaintiff Lucretia Hall *pro se* alleges that when she became unable to pay her mortgage payments, her daughter, defendant Deborah Smith, proposed conveying the house to her, Smith, as a "straw purchaser;" Smith would then hold it for six months until Lucretia got back on her feet financially and would then reconvey it to Lucretia. Instead, Smith entered into a conspiracy

---

[1] Although plaintiff Lucretia Hall refers to herself in the singular throughout her complaint and does not explain who her co-plaintiffs are, as in the Order to Show Cause, I infer that they are her sons. All reside at the same address and share a common last name. Plaintiff Lucretia Hall states that one of her sons is married to defendant Smith.

with defendant Anthony Jones to create an inflated appraisal of the property to pay off the old mortgage and obtain a new mortgage, with Jones then purchasing the house. Jones then sold the house to defendant Winsome Hardie. Plaintiffs seek declaratory and injunctive relief preventing their eviction and returning title to Lucretia Hall.

I have dismissed Jones and Hardie because plaintiffs failed to serve them pursuant to prior Orders and within the time allowed under Fed. R. Civ. P. 4(m). Chicago Title is named as a defendant in the caption, but there are no allegations against it in the complaint. It has a pending motion to dismiss. Smith has been served and has failed to appear, but plaintiffs have taken no action against her.

The jurisdictional allegations in the complaint make it clear that there is no diversity of citizenship, as plaintiffs and most or all of the defendants are New York citizens. Plaintiffs attempt to invoke federal question jurisdiction, alleging that jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. §2201, "under the Seventh, Ninth and Fourteenth Amendments," of the United State Constitution, "the Anti Theft Home Equity Act of 2007," and several federal criminal statutes, 18 U.S.C. §§1028 and 1005.

None of those statutes or provisions supply jurisdiction in this case. The Declaratory Judgment Act does not constitute a basis for federal jurisdiction. Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006). Neither the Seventh nor Ninth amendments have any connection to this case, and the Fourteenth Amendment requires that the defendants either committed their wrongful acts as part of their employment with the state or in concert with others who were acting as part of their employment with the state. See Lugar v. Edmondson Oil. Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 2754 (1982); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292

(2d Cir. 1991). The Court has been unable to find any federal statute known as "the Anti Theft Home Equity Act of 2007." Finally, the federal criminal statutes cited by plaintiffs do not provide a basis for subject matter jurisdiction.

Even considering plaintiffs' *pro se* status, the Court has been unable to conceive of any basis for federal subject matter jurisdiction and, despite ample time to do so, plaintiffs have submitted no additional materials on their own behalf.

## CONCLUSION

Accordingly, the action is dismissed. 28 U.S.C. §1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
March 19, 2010

3